UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY LEE RHODES,<br><br>    Plaintiff<br><br>v.<br><br>CITY OF FRESNO, et al.,<br><br>    Defendants | CASE NO. 1:18-CV-0013 AWI SKO<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 5) |

Percy Lee Rhodes has alleged in his *pro se* petition multiple claims against various defendants for alleged violations of his civil rights, all of which stem from his arrest for possession of a firearm in late March of 2016. *See, generally*, Doc. No. 1. During the pendency of the State of California's case against him, Rhodes was represented by Deputy Public Defender Vanessa Pfaff; Public Defender Elizabeth Diaz was D.P.D. Pfaff's supervisor at the time. Pertinent to this order, Rhodes has alleged the following claims against D.P.D. Pfaff and P.D. Diaz:

- "Claim 5" – Right to Medical Care, Due Process, Freedom from Cruel and Unusual Punishment, against D.P.D. Pfaff;
- "Claim 6" – Right to Medical Care, Due Process, Freedom from Cruel and Unusual Punishment, against P.D. Diaz;
- "Causes of Action" 7, 8, 9, 10, and 12 – Deliberate Indifference to Medical Needs and to Plaintiff's Rights, against D.P.D. Pfaff and P.D. Diaz;
- "Cause of Action" 11 – Failure to train and supervise D.P.D. Pfaff, against P.D. Diaz.

*Id*.

D.P.D. Pfaff and P.D. Diaz now move under Rule 12(b)(6) to dismiss with prejudice each count against them for failing to state a claim on which relief may be granted. *See* Doc. No. 5. For the reasons that follow, Pfaff and Diaz's motion will be granted.

## **DISCUSSION**

### *Legal Standard*

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *Mollett*, 795 F.3d at 1065. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." *Id*. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, the Ninth Circuit has distilled the following principles to apply to Rule 12(b)(6) motions:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.
> Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made," unless amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities. *Garmon v. County of L.A.*, 828 F.3d 837, 842 (9th Cir. 2016).

*Analysis*

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights,

privileges, or immunities secured by the Constitution and laws" of the United States. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. *Id.* (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A person "acts under color of state law for purposes of § 1983 only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

In 1981, the U.S. Supreme Court established that "a public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The Court has described the rationale underlying this policy as such:

> Public defenders, appointed to represent a criminal defendant during trial, or on appeal, do not generally act under color of state law because representing a client is essentially a private function … for which state office and authority are not needed. Thus, when publicly appointed defenders are performing as advocates, i.e., meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes.

*Id.* at 319 (internal citations omitted); *see also Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (public defender is not a state actor under § 1983 because his function is to represent client's interests, not those of state or county); *Escalera v. Pub. Defs. Office*, 2009 WL 88597, at *2 (S.D. Cal. Jan. 12, 2009) ("[W]hen publicly appointed counsel are performing as advocates, i.e., meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes.").

From what this Court can glean from Rhodes' *pro se* petition, he has alleged up to eight separate § 1983 claims against D.P.D. Pfaff and P.D. Diaz for violations of his civil rights:

- "Claim 5" – Right to Medical Care, Due Process, Freedom from Cruel and Unusual Punishment, against D.P.D. Pfaff;
- "Claim 6" – Right to Medical Care, Due Process, Freedom from Cruel and Unusual Punishment, against P.D. Diaz;
- "Causes of Action" 7, 8, 9, 10, and 12 – Deliberate Indifference to Medical Needs and to Plaintiff's Rights, against D.P.D. Pfaff and P.D. Diaz;

3

- "Cause of Action" 11 – Failure to train and supervise D.P.D. Pfaff, against P.D. Diaz.

There appears to be immense overlap between these "claims" and "causes of action." However, even assuming each are distinct actions, Rhodes' claims all concern D.P.D. Pfaff's actions representing Rhodes as his public defender during the pendency of Rhodes' unlawful possession case, and P.D. Diaz' supervision of Pfaff during this time. Under *Polk County*, these claims are not cognizable in a § 1983 action. *See* 454 U.S. at 325, *Miranda*, 319 F.3d at 468; *see also Casterlow-Bey v. Jarmon*, 2017 U.S. Dist. LEXIS 201046, *3 (W.D. Wash Oct 26, 2017) (dismissing complaint where the plaintiff's defense attorney "is not a state actor and therefore cannot be liable under § 1983[.]").

Further, since "district courts are only required to grant leave to amend if a complaint can possibly be saved," this Court declines to do so because of the nature of Rhodes' complaints against D.P.D. Pfaff and P.D. Diaz. Because the basis of the plaintiff's claim concerns his attorney's conduct as a court appointed defense counsel, Plaintiff will not be able to amend his complaint to state a § 1983 claim. *Johnson v. Griffin*, 2010 U.S. Dist. LEXIS 33281 *6 (9th Cir. 2010) (declining amendment after § 1983 claims against his defense counsel dismissed).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss all claims against Vanessa Pfaff and Elizabeth Diaz (Doc. No. 5) is GRANTED;
2. Defendants Vanessa Pfaff and Elizabeth Diaz are DISMISSED from this case; and
3. The remainder of this case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: February 16, 2018      _____
                              SENIOR DISTRICT JUDGE